# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ERIC BERNARD HICKS, )
)
    Movant, )
)
v. )
) Case No. CV 413-242
UNITED STATES OF AMERICA, )          CR 499-133
)
    Respondent. )

## REPORT AND RECOMMENDATION

Convicted in 2000 on drug charges and sentenced to 235 months' imprisonment (doc. 1),[1] Eric Bernard Hicks unsuccessfully appealed (cr doc. 669), then unsuccessfully moved for 28 U.S.C. § 2255 relief. (Cr. doc. 720.) Citing *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013) (relief from sentencing errors may be sought under certain circumstances in an initial § 2255 proceeding), Hicks again moves for § 2255 relief. (Doc. 1.)

"When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before

---

[1] "Cr. doc." citations point to movant's criminal docket. "Doc." citations refer to the § 2255 civil docket.

filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h)." *Daniels v. Warden, FCC Coleman-USP I*, 2013 WL 5225494 at * 1 (11th Cir. Sept. 18, 2013). Hicks has knocked on the wrong court's door. Accordingly, his § 2255 motion must be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __4th__ day of December, 2013.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA